Doris MARSO, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 97–2178.

United States Court of Appeals for Veterans Claims.

Dec. 23, 1999.

Jeffrey J. Wood was on the brief for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Barbara J. Finsness were on the brief for the appellee.

Before HOLDAWAY, IVERS, and GREENE, Judges.

HOLDAWAY, Judge:

The appellant, Doris Marso, widow of the veteran Cecil E. Marso, appeals the August 1997 decision of the Board of Veterans' Appeals (BVA or Board) that denied her claim for service connection of the veteran's cause of death. Both parties have filed briefs. The only issue raised by the appellant in her brief to this Court is whether the BVA erred by failing to adjudicate her claim under 38 U.S.C. § 1318(b)(1). The Court deems the appellant to have abandoned the issue of whether the veteran's cause of death was service connected pursuant to 38 U.S.C. § 1310. *See Bucklinger v. Brown,* 5 Vet.App. 435 (1993). The Court has jurisdiction of the case under 38 U.S.C. § 7252(a). For the following reasons, the Court will affirm the decision of the Board.

## I. FACTS

The veteran served on active duty in the U.S. Army from February 1942 to August 1945. He was subsequently granted service connection for schizophrenia and discogenic disease at the L4–L5 vertebrae with degenerative arthritis.

In June 1988, a VA regional office (VARO) denied the veteran's claim for a total disability rating based on individual unemployability (TDIU) because his non-service-connected conditions were the "primary reason for his confinement to a wheelchair, crutches, or inability to walk." In February 1990, the VARO increased the veteran's combined disability rating to 70% for his service-connected conditions and awarded the veteran a TDIU. The veteran died of congestive heart failure in June 1993.

The appellant filed a claim for dependency and indemnity compensation (DIC) in August 1993. The VARO denied her claim because the veteran's cause of death was not service connected and because the veteran had not been rated totally disabled for 10 continuous years immediately prior to his death in order for the appellant to be eligible for DIC under 38 U.S.C. § 1318(b)(1). The appellant filed a timely Notice of Disagreement (NOD) with the VARO's denial of DIC benefits. In October 1993, the VARO issued a Statement of the Case that explained that it had denied the appellant's claim for DIC benefits because the veteran's death was not service connected. It further noted that the veteran had not been rated totally disabled for 10 years immediately prior to his death.

In a November 1993 statement, the appellant's accredited representative argued that expert medical evidence demonstrated that the veteran's death had been caused, in part, by medications he had been taking for pain relating to his service-connected back condition. In a July 1994 informal hearing, the appellant's accredited representative again alleged that the medication taken by the veteran for his back pain had been a contributing cause of his fatal heart condition. The BVA subsequently remanded the claim for further development regarding whether the veteran's medication for his back pain had contributed to

his heart problems. In April 1996, the VARO continued its denial of service connection for the veteran's cause of death and issued a Supplemental Statement of the Case. In May 1996, the appellant filed a statement that alleged that the veteran's heart condition had been caused by the veteran's medical treatment at a VA hospital. In August 1996, the appellant's representative argued for service connection of the veteran's death based on direct service connection and based on his VA hospital treatment. The representative did not raise entitlement under section 1318(b). The representative repeated the appellant's argument for direct service connection in May and July 1997.

In August 1997, the Board denied, based on a preponderance of the evidence, the appellant's claim for service connection of the veteran's cause of death. The Board did not, sua sponte, consider section 1318(b) in any way. The Board also remanded the appellant's section 1151 claim to the VARO for initial adjudication.

## II. ANALYSIS

The appellant contends that the Board erred by failing to consider whether she is entitled to DIC benefits pursuant to 38 U.S.C. § 1318(b). In particular, the appellant argues that a remand is appropriate because the Board did not provide reasons and bases for why, at the time of the veteran's death, he was not "hypothetically" entitled to receive compensation for a total disability rating for a continuous 10–year period preceding his death. *See Carpenter v. West*, 11 Vet.App. 140, 147 (1998). On the other hand, the Secretary has responded that a hypothetical entitlement claim as set forth in *Carpenter, supra*, is precluded in this case by 38 C.F.R. § 20.1106 (1998). In reply, the appellant argues the section 20.1106 is in excess of statutory law.

### A. Applicable Law

The surviving spouse of a qualifying veteran is entitled to DIC benefits if the veteran died of a service-connected disabil-

ity. *See* 38 U.S.C. § 1310. The surviving spouse of a deceased veteran is also eligible for DIC benefits as if the veteran's death were service connected if the veteran "was in receipt of or *entitled to receive* . . . compensation at the time of death for a service-connected disability that . . . was continuously rated totally disabling for a period of 10 or more years immediately preceding death." 38 U.S.C. § 1318(b)(1) (emphasis added). The implementing regulation for section 1318(b) states the following:

(a) *Entitlement criteria.* Benefits authorized by section 1318 . . . shall be paid to a deceased veteran's surviving spouse . . . in the same manner as if the veteran's death is service connected when the following conditions are met:

(2) The veteran was in receipt of or *for any reason (including . . . correction of a rating after the veteran's death based on clear and unmistakable error [(CUE)]) was not in receipt of but would have been entitled to receive* compensation at the time of death for a service connected disablement that . . . :

(i) Was continuously rated totally disabling by a schedular or unemployability rating for a period of 10 or more years immediately preceding death.

38 C.F.R. § 3.22(a)(2)(i) (1998) (emphasis added); 48 Fed.Reg. 41,160, 41,160–61 (1983). Section 20.1106 of title 38, Code of Federal Regulations, provides:

"Except with respect to benefits under the provisions of 38 U.S.C. [§ ]1318 and certain cases involving individuals whose [VA] benefits have been forfeited for treason or for subversive activities . . ., issues involved in a survivor's claim for death benefits will be decided without regard to any prior disposition of those issues during the veteran's lifetime."

38 C.F.R. § 20.1106.

█ The Court has held that where a veteran would have been entitled to receive compensation at the time of his or her death for a 100% disability rating and

would have met the duration requirements under section 1318(b)(1) but for CUE in a prior final rating decision, the veteran's surviving spouse is eligible for DIC benefits. *See Damrel v. Brown,* 6 Vet.App. 242, 245 (1994). The Court has also held that a claimant must raise with specificity issues of CUE under section 1318(b) and must raise them initially before the Board. *See id.* In *Ruiz v. Gober,* 10 Vet.App. 352, 356 (1997), the Court found that the Board's failure to apply section 1318(b) was harmless error where the veteran had not been rated totally disabled for 10 continuous years immediately preceding death and the appellant had not alleged a claim for CUE in a prior rating decision. The Court also reviewed the appellant's claim that section 20.1106 discriminated against claimants seeking DIC benefits under section 1318(b) because claimants seeking DIC benefits under section 1310 were not bound by prior VA determinations regarding the deceased veteran. *See id.* The Court found that "[t]here is a rational basis for not allowing [section 1318(b) ] claimants to readjudicate, after the veteran's death, the underlying merits of the veteran's claim." *Id.*

Before section 20.1106 was promulgated, claims under section 1318(b) were not excluded from the general principle that issues in a survivor's claim for benefits would be decided without consideration of rating decisions during the veteran's lifetime. *See* 38 C.F.R. § 19.196 (1991). Based on section 19.196 and the language in section 3.22(a)(2) that lists CUE as a method, but not the exclusive method, for establishing an "entitled to receive" claim under section 1318(b), in *Carpenter* the Court concluded:

> [A] CUE claim is not the sole way for a survivor to show the veteran's entitlement as of the time of the veteran's death. Rather, the survivor is given the right to attempt to demonstrate that the veteran hypothetically would have been entitled to receive a different decision on a service-connection-related issue . . .

based on evidence in the veteran's claims file or VA custody prior to the veteran's death and the law then or subsequently made retroactively applicable.

11 Vet.App. at 145 (quoting dicta in *Green v. Brown,* 10 Vet.App. 111, 118 (1997)). Therefore, under the Court's current case law, a survivor of a deceased veteran is eligible for DIC under section 1318(b)(1) if (1) the veteran was in actual receipt of a 100% disability rating for the statutory period of time; (2) the veteran would have been in receipt of a 100% disability rating for such time but for CUE in a final VARO or BVA decision, *see Damrel, supra;* or (3) under *Carpenter, supra,* the veteran had been "hypothetically" entitled to receive a 100% disability rating for the required period of time.

## B. Jurisdiction

This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392, 393–94 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2, 3 (1990). The Court's jurisdiction is limited, with some exceptions, to reviewing a final BVA decision where an NOD was filed on or after November 18, 1988, that expresses disagreement with a VARO determination. *See* Veteran's Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note); *Velez v. West,* 11 Vet.App. 148, 157 (1998). Recently, in *Stuckey v. West,* 13 Vet.App. 163, 174 (1999), the Court held "that it possesses jurisdiction to review all challenges and arguments relating to a particular claim" when a related NOD has been timely filed, but that the Court also has discretionary authority to "decline to exercise jurisdiction based on the doctrine of administrative exhaustion [of remedies] when [an] appellant has failed to present those chal-

lenges and arguments, either expressly or implicitly, to the Board."

In this matter, the VARO determined that the appellant was not entitled to DIC benefits under either section 1310 or 1318(b). The appellant filed a timely NOD expressing general disagreement with the VARO's decision denying her claim for DIC benefits. Therefore, the Court has jurisdiction to review the appellant's argument's regarding the BVA's failure to apply section 1318(b) in its decision. *See Collaro v. West*, 136 F.3d 1304 (Fed.Cir. 1998); *Stuckey, supra.* Nevertheless, the appellant did not allege, in her NOD, Substantive Appeal, or subsequent pleadings before the Board, that the veteran had been entitled to a 100% disability rating for 10 continuous years immediately prior to his death, based on CUE or any other theory. *See Damrel, supra.* The only issues pursued by the appellant were direct service connection and service connection based on improper hospital treatment at a VA medical facility for the veteran's cause of death. The appellant, therefore, did not exhaust her administrative remedies before the Board regarding whether there had been CUE in a prior VARO decision to support her section 1318(b) "entitled to receive" claim. *See Collaro* and *Stuckey*, both *supra; cf. Fugo v. Brown*, 6 Vet.App. 40, 44 (1993) (holding that claims for CUE must be alleged with specificity).

■ The Court will exercise jurisdiction over the issue of whether a remand is appropriate for the Board to consider a hypothetical entitlement claim under *Carpenter, supra.* The Board denied the appellant's claim in October 1997, and the Court decided the *Carpenter* case in March 1998. In *Brewer v. West*, 11 Vet. App. 228, 233 (1998), the Court stated that it will retroactively apply caselaw established after a veteran brought his claim but before the judicial appeals process for that claim is concluded. In *Carpenter* the Court defined a new substantive claim under section 1318(b). It would not have

been reasonable for the appellant to have foreseen or raised such a claim before the Board. For that reason, application of the doctrine of exhaustion of administrative remedies is impractical, and the Court will generally exercise jurisdiction over issues created by new caselaw. *Cf. Karnas v. Derwinski*, 1 Vet.App. 308 (1991). If the Court determines that the *Carpenter* case is applicable, as a matter of law, to the appellant's claim, the appellant would be entitled to a remand for the BVA to make the factual determinations regarding her eligibility for DIC under section 1318(b). *See Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991) (stating that the Court does not review questions of fact de novo).

## C. Section 1318(b) "Entitled to Receive" Claims and Section 20.1106

The appellant alleges that her "entitled to receive" claim under section 1318(b) should be adjudicated without consideration of the VARO determinations during the veteran's lifetime regarding his degree of disability and that section 20.1106 exceeds the statutory authority granted the Secretary under section 1318(b)(1).

The Secretary of Veterans Affairs has authority under 38 U.S.C. § 501(a) to "prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws." Determining whether [a regulation] violates the Secretary's statutory authority requires examining the language of the statute and the interpretation adopted by the Secretary. *See Gardner [v. Derwinski*, 1 Vet.App. 584, 586–87 (1991) ]. In analyzing a statute, we look at the overall structure of the statute and the specific language at issue. *Tallman [v. Brown*, 7 Vet.App. 453, 460 (1995) ]. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Re-*

*sources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *see Davenport* [ *v. Brown,* 7 Vet.App. 476, 481 (1995) ]. When Congress creates room for agency interpretation or expressly delegates policy making authority to the Secretary, the scope of judicial review is limited. *Pauley v. BethEnergy Mines,* 501 U.S. 680, 696, 111 S.Ct. 2524, 115 L.Ed.2d 604 (1991). The Court will sustain a regulation that is consistent with the language of the statute and is a plausible or reasonable interpretation of the law. *Chevron, supra* at 843–44, 104 S.Ct. 2778; *Rust v. Sullivan,* 500 U.S. 173, 184, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991). Substantial deference is given to the statutory interpretation of the agency authorized to administer the statute. *Chevron,* 467 U.S. at 844, 104 S.Ct. 2778; *Rust,* 500 U.S. at 184, 111 S.Ct. 1759; *see Tallman,* 7 Vet.App. at 463–465.

*Winn v. Brown,* 8 Vet.App. 510, 514–515 (1996).

Based on the plain language of section 1318(b), the survivor's eligibility is based on the veteran's entitlement, and period of entitlement, to VA disability compensation at the time of the veteran's non-service-connected death. However, section 1318(b)(1) is silent regarding the effect of rating decisions during the veteran's lifetime as to whether the veteran was "entitled to receive" a total disability rating for the requisite statutory period. The language of the statute does not limit the type of evidence the claimant may submit, nor does it establish a preclusive effect for issues adjudicated during the veteran's lifetime. *Cf.* 38 U.S.C. § 5121(a) ("entitled at death under existing ratings or decisions, or those based on evidence in the file at date of death"). Therefore, because the statutory language is silent, the Court must determine whether the language in section 20.1106 is a reasonable interpretation of the law under section 1318(b). *See Rust* and *Chevron,* both *supra.*

Section 20.1106 requires, by negative implication, that a rating decision during a veteran's lifetime must be taken into consideration when adjudicating a claim for section 1318(b) DIC benefits. Section 20.1106 was promulgated because "[t]he old rule [38 C.F.R. § 19.196 (1991) ] was inconsistent ·with 38 C.F.R. § 3.22(a)(2) which, in effect, requires that it be shown that there was [CUE] in prior rating decisions which failed to give a veteran a total disability rating for the required period of time in order to qualify for '[1318(b)(1) ]' benefits." 54 Fed.Reg. 34,334, 34,338 (1989). Section 3.22(a)(2) expressly includes CUE as a method of establishing a veteran's past entitlement to a total disability rating for 10 continuous years preceding his or her death. The regulatory language in section 3.22(a) is also consistent with the legislative history of section 1318(b). The "entitled to receive" language was added to the statute in 1982 in response to VA Office of General Counsel Precedent Opinion 2–81 (March 24, 1981) [hereinafter G.C. Prec. 2–81]. *See* S.Rep. No. 97–550, at 31 (1982), *reprinted in* 1982 U.S.C.C.A.N. 2877, 2893. The precedent opinion held that under section 1318(b) a survivor of a deceased veteran would be entitled to DIC only if a veteran was actually in receipt of, or would have received but for receipt of retirement pay, a 100% disability rating for ten years preceding the veteran's death, regardless of VA error in the veteran's prior rating decisions. *See id.* The Senate Veterans Affairs Committee also pointed to a situation where the BVA had denied a veteran's survivor DIC benefits where the veteran had received compensation for a total disability rating for 9 years and 331 days prior to the veteran's death *and* there was CUE in the previous VA rating decision that would have established an earlier effective date for the total disability rating and resulted in a period of entitlement in excess of 10 years. *See id.* at 35, *reprinted at* 1982 U.S.C.C.A.N. at 2898. The compromise agreement by the Senate and the House of Representatives relating to the 1982

amendment of section 410(b)(1) [currently 1318(b)(1) ] to include the "entitled to receive" language states the following:

Both the House bill and the Senate amendment would amend section 410(b)(1) of title 38 to revise the applicable requirements for benefits at DIC rates for certain survivors of veterans (those who suffered from service-connected disabilities rated totally disabling for specified periods of time but whose deaths are not service connected) so as to provide that the requirement that the veteran have been in receipt of compensation for a service-connected disability rated as total for 10 years prior to death ... is met if the veteran would have been in receipt of such compensation for such period but for [CUE] regarding the award of a total-disability rating.

See Explanatory Statement of Compromise Agreement, 128 CONG. REC. H7777 (Sept. 28, 1982), reprinted in 1982 U.S.C.C.A.N. 3012, 3013–14.

 Section 19.196 excluded from consideration all prior determinations during a veteran's lifetime of issues that affected a survivor's claim for death benefits, without any exception for claims under section 1318. See 38 C.F.R. § 19.196 (1991). Therefore, the conflict between section 3.22(a) and section 19.196 was apparent: Providing that a survivor always had the right to de novo review by VA of the veteran's entitlement to a 100% disability rating for the 10 years prior to his or her death would make the reference to CUE in section 3.22(a)(2) meaningless. The Secretary has a valid interest in protecting the integrity of final VA rating decisions from collateral attack. The Secretary's promulgation of section 20.1106 was made expressly because section 3.22(a)(2) and section 19.196 were "inconsistent." For that reason, the clear message of section 20.1106 is that final rating decisions during the veteran's lifetime are controlling when determining if, under section 1318(b), at the time of a veteran's death, he or she had been entitled to compensation for a total disability rating for 10 continuous years immediately preceding the veteran's death. The Secretary's interpretation of section 1318, found in the interplay between sections 3.22(a) and section 20.1106 is consistent with the legislative history of the amendment that added the "entitled to receive" language in section 1318(b). Therefore, section 20.1106 is a reasonable interpretation of 38 U.S.C. § 1318(b), and must be upheld by this Court. For that reason, the Court holds that where a prior final VA determination had denied a veteran a total disability rating, so that the veteran had not been rated totally disabled for 10 continuous years prior to his or her death, a survivor under section 1318(b) must demonstrate CUE in the prior VA determination in order to establish eligibility under section 1318(b)(1).

The Court's decision in this case is consistent with Wingo v. West, 11 Vet.App. 307 (1998), and Carpenter, supra. As discussed above, before the Carpenter decision it was well established that a surviving spouse could demonstrate that the veteran would have been entitled to a 100% disability rating but for CUE in an earlier VARO decision. See Damrel, 6 Vet.App. at 245. In Green, the Secretary contended that the only method under section 1318(b) to demonstrate entitlement to a 100% disability rating for 10 continuous years preceding the veteran's death was by demonstrating CUE in a prior VARO decision. 10 Vet.App. at 117. However, the Court rejected the Secretary's argument, see id., and in the Carpenter decision, the Secretary agreed that the regulation clearly and unambiguously provides that CUE is not the only theory under which a 1318(b) "entitled to receive" claim may be brought, see Carpenter, 11 Vet.App. at 145. The Court reaffirms today that demonstrating CUE in a prior VA rating decision is not the only method of establishing eligibility for DIC under section 3.22(a). For example, the statute makes clear that if a veteran

would have been entitled to receive compensation for a total disability rating for 10 continuous years preceding death but for his or her receipt of retirement pay, a survivor shall be eligible for DIC benefits. *See* 38 U.S.C. § 1318(b)(1).

In the *Carpenter* case, the Secretary also argued that 38 C.F.R. § 20.1106 precluded an "entitled to receive" claim under section 1318(b) where VA or the BVA had previously denied the veteran's claim for a 100% disability rating within the 10 years prior to the veteran's death. *See* 11 Vet.App. at 146. The Court did not reach the question of whether section 20.1106 affects a "hypothetical entitlement" claim under section 1318(b), because the appellant in *Carpenter* had filed her claim in September 1991, and section 20.1106 became effective in March 1992. *See Carpenter, supra.* As explained previously, the predecessor regulation, 38 C.F.R. § 19.196 (1991), contained no language excepting section 1318 from the general rule that issues adjudicated during a veteran's lifetime would not be considered as part of a survivor's claim. Apparently resolving the conflict in the language between sections 3.22(a)(2) and 19.196 in the veteran's favor, the Court held that previous VARO determinations should be disregarded when adjudicating section 1318(b)(1) "entitled to receive" claims. The Court's holding in *Carpenter* is consistent with the Supreme Court's guidance that interpretive doubt should be resolved in favor of the veteran. *See Brown v. Gardner*, 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). Therefore, the Court's decision in *Carpenter* is limited to section 1318(b) "entitled to receive" claims where 38 C.F.R. § 19.196 applies. In those claims, the Secretary and the Board have authority to review de novo whether a veteran was "hypothetically" entitled to a 100% disability rating for a continuous 10–year period immediately preceding the veteran's death.

In *Wingo*, the Court held that where a veteran had never filed a claim for VA benefits, the veteran's surviving spouse could still file a claim for DIC benefits to demonstrate that the veteran would have been entitled to receive VA compensation for a 100% disability rating for 10 continuous years prior to the veteran's death. 11 Vet.App. at 311–12. In that case, the service department had certified that the veteran had been 100% disabled at the time he was released from service in 1946. *See id.* at 308–09. The veteran was then awarded retirement pay after his discharge from service. *See id.* at 309. He later died in 1992. *See id.* The Court found that the appellant had submitted a well-grounded "entitled to receive" claim for DIC benefits under section 1318(b)(1), vacated the Board's decision to the contrary, and remanded the matter for readjudication. *See id.*

■ Therefore, the Court's current decision does not affect the validity or scope of the *Wingo* and *Carpenter* decisions. The *Carpenter* decision applies to section 1318(b) "entitled to receive" claims filed prior to the promulgation of section 20.1106, and the Court's current decision applies to such claims filed after section 20.1106 became effective. Additionally, the *Wingo* decision continues to control where no final VA decision regarding the veteran's level of disability had been made which would affect a survivor's claim under section 1318(b)(1). Based on the Court's decision today, a survivor of a deceased veteran is eligible for DIC under section 1318(b)(1) if (1) the veteran was in actual receipt of a 100% disability rating for the statutory period of time, (2) the veteran would have been in receipt of a 100% disability rating for such time but for CUE in a final VARO or BVA decision, or (3) if under the specific and limited exceptions under *Carpenter* or *Wingo* the veteran was "hypothetically" entitled to a 100% disability rating for the required period of time.

## III. CONCLUSION

After consideration of the pleadings of the parties and a review of the record on

appeal, the Court holds that the appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand.

The decision of the Board is AFFIRMED.