**Sammie G. NOLEN, Claimant–Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 99–7173.**

United States Court of Appeals, Federal Circuit.

Aug. 1, 2000.

Sammie G. Nolen, of Glendale, Alabama, pro se.

Karla J. de Steuben, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Kirk T. Manhardt, Assistant

Director. Of counsel were David E. Zeglin, Acting Assistant General Counsel; and Y. Ken Lee, Attorney, Department of Veterans Affairs, of Washington, DC.

Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

PLAGER, Circuit Judge.

Veteran Sammie G. Nolen appeals from a decision of the United States Court of Appeals for Veterans Claims, *Nolen v. West,* 12 Vet.App. 347 (1999), in which the court affirmed the decision of the Board of Veterans' Appeals ("Board") denying Mr. Nolen a service connection for asbestosis, on the grounds that he had failed to state a well grounded claim and that the Board's conclusion to the contrary was harmless error. Because, as we shall explain, the Court of Appeals for Veterans Claims misinterpreted the relevant statute, we vacate the decision of the Court of Appeals for Veterans Claims and remand for further proceedings consistent with this opinion.

## BACKGROUND

Sammie Nolen is a World War II combat veteran. Mr. Nolen filed claims in 1991 for an increased disability rating for malaria and for service connections for bronchitis, bronchitis as a residual of exposure to mustard gas, and asbestosis. Only the claim for service connection for asbestosis is currently before us. The Regional Office ("RO") of the Department of Veteran's Affairs ("DVA") found the asbestosis claim to be well grounded, based on Mr. Nolen's current diagnosis of asbestosis and his alleged possible exposure to asbestos on troop transport ships during World War II, in light of the known long delay between exposure to asbestos and the development of asbestosis. The RO then denied the claim on the merits, finding that there was no conclusive evidence that Mr. Nolen had been exposed to asbestos while in service, but that he had been exposed post-service to large amounts of aerosol asbestos during his nearly forty years working as a carpenter for U.S. Steel, in which capacity he had regularly sawed and drilled raw asbestos materials. The RO based this finding on Mr. Nolen's medical reports, in which several of his doctors indicated that he had told them about his work cutting asbestos, even though he subsequently denied that he was exposed during his time at U.S. Steel.

Mr. Nolen appealed to the Board. The Board affirmed the RO's decision. The Board agreed with the RO that the claim was well grounded, and that it should be denied on the merits. The Board addressed Mr. Nolen's references to the *Department of Veterans Benefits, Veteran's Administration, DVB Circular 21–88–8, Asbestos Related Diseases* (May 11, 1988) (the "DVB Circular"). The Board noted that the DVB Circular discussed levels of in-service exposure to asbestos much greater than that of Mr. Nolen, and it agreed with the RO that extensive evidence supported Mr. Nolen's post-service exposure, while no credible evidence supported his in-service exposure. Mr. Nolen appealed the decision of the Board to the Court of Appeals for Veterans Claims, alleging that the Board had failed to consider properly the DVB Circular, and also that the DVA had not fulfilled its duty to assist him under 38 U.S.C. § 5107(a).[1]

The Court of Appeals for Veterans Claims held that, contrary to the conclusion of the RO and the Board, Mr. Nolen

---

1. All citations to U.S.C. are to the 1994 edition. In addition, 38 U.S.C. §§ 7252, 7261 and 7292 were amended in 1998 as part of the renaming of United States Court of Veterans Appeals as the United States Court of Appeals for Veterans Claims pursuant to the enactment of the Veterans Programs Enhancement Act of 1998, Pub.L. No. 105–368, § 511, 122 Stat. 3315, 3341 (1998).

had failed to submit a well grounded claim. The Court of Appeals for Veterans Claims found that he had a medical report with a diagnosis of asbestosis, and it assumed, without deciding, that his own testimony could suffice as evidence of in-service exposure to asbestos. However, in the court's view, Mr. Nolen lacked any medical evidence connecting the two, as required by *Caluza v. Brown*, 7 Vet.App. 498, 506 (1995) (endorsed by this court in *Epps v. Gober*, 126 F.3d 1464 (Fed.Cir.1997)). Because the claim was deemed not well grounded, the Court of Appeals for Veterans Claims declined to address Mr. Nolen's arguments regarding the merits. The Court of Appeals for Veterans Claims went on to hold that the Board's ultimate denial on the merits rendered its error in finding the claim well grounded harmless, pursuant to 38 U.S.C. § 7261(b), and since the claim was not well grounded, remand to the Board was not warranted.

Mr. Nolen now appeals to us the Court of Appeals for Veterans Claims's affirmance of the Board's denial of his asbestosis claim. Mr. Nolen asserts that the Court of Appeals for Veterans Claims misinterpreted the evidentiary requirements for demonstrating that a claim is well grounded under 38 U.S.C. § 5107(a). Moreover, Mr. Nolen asserts that the Court of Appeals for Veterans Claims, once it decided that his claim was not well grounded, should have remanded his case to the Board for further development of the issue, or at least given him a chance to brief the issue before that court. Mr. Nolen further maintains that the Court of Appeals for Veterans Claims's failure to do either violated his due process rights, since he had no prior notice that the Court of Appeals for Veterans Claims was planning to address the requirements of the well grounded claim—both the RO and Board had found the claim well grounded and the Government had not challenged that determination before the Court of Appeals for Veterans Claims.

## DISCUSSION

■ This court has jurisdiction to review a challenge to the validity or interpretation of a statute or regulation relied upon by the Court of Appeals for Veterans Claims. *See* 38 U.S.C. § 7292. We review independently the Court of Appeals for Veterans Claims's interpretations of statutory provisions and regulations. *See* 38 U.S.C. § 7292(a), (c). It is our responsibility to decide all relevant questions of law. *See* 38 U.S.C. § 7292(d). Except to the extent that an appeal presents a constitutional issue, this court may not review challenges to a factual determination or to the application of a law or regulation to the facts of a particular case. *See* 38 U.S.C. § 7292(d)(2).

■ The Government, not surprisingly, asserts that Mr. Nolen is challenging only factual determinations or applications of the law to facts. Since such challenges are outside our statutory jurisdiction, the Government argues that we should dismiss Mr. Nolen's case. However, Mr. Nolen is clearly challenging the Court of Appeals for Veterans Claims's interpretation of 38 U.S.C. § 5107(a), and we have jurisdiction to consider such challenges to statutory interpretations. We also note that Mr. Nolen's appeal does not fall afoul of our recent determinations in *Smith v. West*, 214 F.3d 1331 (Fed.Cir.2000) and *Belcher v. West*, 214 F.3d 1335 (Fed.Cir.2000) that our jurisdictional statute, 38 U.S.C. § 7292, precludes us from reviewing any issue not "relied upon" by the Court of Appeals for Veterans Claims. Although Mr. Nolen did not argue the issue of well groundedness before the Court of Appeals for Veterans Claims, that court raised the issue sua sponte, and therefore it "relied upon" that issue, bringing it within our jurisdiction. *See Smith*, 214 F.3d at 1332–33; *Belcher*, 214 F.3d at 1336–37.

■ The present case implicates issues we considered in our recent decision

in *Hensley v. West*, 212 F.3d 1255, 2000 WL 572713 (Fed.Cir.2000). As we noted in *Hensley*, the well grounded claim requirement serves a "gatekeeping" function in the claims process—if the veteran presents a well grounded claim to the RO, that triggers the DVA's statutory duty to assist the veteran in perfecting the claim. *See id.* at 1260–61. We explained how this requirement weeded out claims completely lacking in merit, and analogized it to Federal Rule of Civil Procedure 12(b)(6), which serves a similar function in civil litigation. *See id.* at 1260–61 (citing *Robinette v. Brown*, 8 Vet.App. 69, 75 (1995) (making this analogy); *King v. Brown*, 5 Vet.App. 19, 21 (1993) (same)).

■ Given its function, it follows that once the well grounded claim requirement has served this gatekeeping/triggering function, it loses its force. Absent a well grounded claim, there is nothing further the DVA need or can do for the claimant. By like token, once the DVA determines that the claim is well grounded, its duty to assist the claimant is established and the claimant is launched in the system. At this point the operation of the well grounded claim requirement is exhausted and need not be further considered.

Thus, in a case such as the present one, in which a claim has been deemed well grounded but subsequently denied on the merits by the RO and the Board, the Court of Appeals for Veterans Claims would have no reason to reconsider the question of well-groundedness. Expanding on the analogy to Rule 12(b)(6), an appeals court would have no call to review whether a complaint met the requirements of Rule 12(b)(6) after the trial court has already made a decision on the merits of the case and the merits are on appeal.

■ If the Court of Appeals for Veterans Claims believes the claim was not well grounded from the beginning, then by definition denial on the merits is proper, and the Court of Appeals for Veterans Claims can simply affirm a decision of the Board so holding; it has no reason to address the well grounded claim issue as such. If, however, the RO and Board deem the claim well grounded and the DVA undertakes to assist the veteran according to 38 U.S.C. § 5107(a), and the veteran subsequently raises the issue of whether the DVA properly fulfilled this duty, then the Court of Appeals for Veterans Claims must address that issue on the merits. This is true regardless of the Court of Appeals for Veterans Claims's assessment as to whether the claim was well grounded to begin with; the RO and Board have already made that determination, and in so doing have committed the DVA to providing the necessary assistance. By finding the claim well grounded, the DVA has waived any further challenge on the issue and has obligated itself to provide assistance to the veteran. *Cf.* 38 U.S.C. § 7252 (providing that the DVA may not seek review of Board decisions before the Court of Appeals for Veterans Claims). Thus, we conclude that the Court of Appeals for Veterans Claims erred when it reconsidered whether Mr. Nolen's claim was well grounded and decided the case based on this assessment, rather than directly addressing Mr. Nolen's contentions regarding breach of the duty to assist and the findings of the Board on the merits of the claim.[2]

We also note that the decision of the Court of Appeals for Veterans Claims to address the well grounded claim issue, which neither party raised and about

---

**2.** Our holding that the Court of Appeals for Veterans Claims should not review the RO's or Board's determination that a claim is well grounded renders moot the debate in *Edenfield v. Brown*, 8 Vet.App. 384 (1995) (*en banc* ) (discussing whether the Board's decision denying the claim on the merits should be affirmed or vacated when the Court of Appeals for Veterans Claims disagrees with the Board's underlying finding that the claim was well grounded).

which neither party had prior warning, implicates fundamental principles of fairness. When Mr. Nolen presented his claim to the Court of Appeals for Veterans Claims, he was concerned only with the merits of the claim. As far as Mr. Nolen was concerned, the DVA and the Board had already declared that the claim was well grounded, and the Government did not contest that determination before the Court of Appeals for Veterans Claims. The Court of Appeals for Veterans Claims's subsequent ruling that the claim was not well grounded came as a complete surprise to Mr. Nolen, who never had a chance to address the issue directly. Such action by the court is inconsistent with general principles of fairness, and it is particularly unwarranted in view of the fact that "the character of the veterans' benefits statutes is strongly and uniquely pro-claimant." *Hodge v. West,* 155 F.3d 1356, 1362 (Fed.Cir.1998); *see also Hayre v. West,* 188 F.3d 1327, 1333–34 (Fed.Cir. 1999) (pointing out Congress's recognition of "the strongly and uniquely pro-claimant system of awarding benefits to veterans").

The Court of Appeals for Veterans Claims indicated that it was applying the rule of harmless error, pursuant to 38 U.S.C. § 7261(b). However, since the basis for the Court of Appeals for Veterans Claims ruling was an improper consideration as to whether the claim was well grounded, the rule of harmless error has no application here.

■ Finally, we wish to address one issue raised obliquely by the Government in its brief. In his informal brief before this court, Mr. Nolen, who is currently pro se, did not directly present any arguments. Instead, he attached and referenced several briefs his counsel had filed before the Court of Appeals for Veterans Claims. The Government implies that this approach is somehow improper and that issues so referenced may not properly be

before this court. While we might frown on this approach from a represented appellant, we see no good reason to require a veteran such as Mr. Nolen who was represented by counsel below but is not represented before this court to reformulate his legal arguments for this court. *Cf. Hilario v. Secretary, Dep't of Veterans Affairs,* 937 F.2d 586, 589 (Fed.Cir.1991) ("[P]etitioners or appellants, particularly a pro se petitioner like Hilario, are not required to file artful, legally impeccable submissions in order to proceed on appeal."). Indeed, such a requirement would be inconsistent with the "pro-claimant" nature of the system discussed supra. This court can distinguish between those issues that are within its jurisdiction and those that are not, and we know we can certainly rely on the Government to point out the latter to us. Thus, we consider the issues raised by Mr. Nolen in this manner to be properly before us.

CONCLUSION

Because the Court of Appeals for Veterans Claims misinterpreted 38 U.S.C. § 5107(a) when it addressed whether Mr. Nolen had presented a well grounded claim after the RO and the Board had already found that he had done so, the decision must be vacated. The case is remanded to the Court of Appeals for Veterans Claims for consideration of Mr. Nolen's claim on the merits, including the issue of whether the DVA breached its duty to assist.

The decision of the Court of Appeals for Veterans Claims is

*VACATED and REMANDED.*