**Joy V. CAMPBELL, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

No. 98–215

United States Court of Appeals for Veterans Claims.

Sept. 21, 2000.

Before NEBEKER, Chief Judge, and FARLEY and GREENE, Judges.

**ORDER**

PER CURIAM:

The appellant, Joy V. Campbell, the widow of veteran Charles M. Campbell, appeals from the October 14, 1997, decision of the Board of Veterans' Appeals (BVA or Board) that denied, as not well grounded, her claim of entitlement to service connection for the cause of the veteran's death. Based on the record on appeal (ROA) and the pleadings of the parties, the Court will vacate the Board's decision and remand the matter of Mrs. Campbell's entitlement to VA dependency and indemnity compensation (DIC).

During his lifetime, Mr. Campbell was service connected, at a noncompensable level, for residuals of rheumatic fever, active within the last six months before his June 1945 discharge from service. Record (R.) at 4. He initially had a total rating for convalescence, but the VA medical examiner in a December 1945 compensation examination concluded that "heart disease was not found." *Id.* In January 1946, his VA regional office (RO) assigned a noncompensable evaluation for residuals of rheumatic fever, with no heart disease. R. at 5. The zero percent rating continued for the remainder of the veteran's life, even though he unsuccessfully sought an increased (compensable) rating in 1953 and again in 1984. R. at 5, 51, 63, 82, 92. He was service connected for no other disabilities.

Mr. Campbell died in January 1992. The death certificate lists as the immediate cause of death "probable cardiac arrhythmia," caused by "hypotension and syncope" as a result of dehydration from recent gastroenteritis. R. at 7, 97. In April 1992, Mrs. Campbell filed a claim for "DIC only." R. at 103. The claim was denied, and Mrs. Campbell filed a Notice of Disagreement (NOD).

In a decision dated April 24, 1995, the BVA expressly concluded that the claim was well grounded and remanded for further development. R. at 147–50. The remand instructed the VA regional office (RO) to obtain "treatment records concerning *all* medical conditions throughout [Mr. Campbell's] lifetime," and to seek any other records identified by Mrs. Campbell concerning "treatment which the veteran received, at any time during his life, for rheumatic fever and cardiovascular conditions." R. at 149–50 (emphasis in original). The remand instructions were thus limited, even though Mrs. Campbell's designated representative had asked that the claim be remanded "for proper consideration by an independent medical expert in the area of cardiology." R. at 145. When the matter was returned to the Board, following unavailing efforts by the RO and Mrs. Campbell to obtain further medical treatment records, the Board reversed field and concluded that the claim was not well grounded. This appeal followed.

Mrs. Campbell raises a number of arguments on appeal, including several related to her unsuccessful attempt to obtain the BVA Chairman's grant of reconsideration based on a new medical opinion that she submitted in support of her request. While this appeal was pending, however, the U.S. Court of Appeals for the Federal Circuit issued a precedential opinion in *Nolen v. Gober,* 222 F.3d 1356, 1359–60 (Fed.Cir.2000), *vacating Nolen v. West,* 12 Vet.App. 347 (1999). That opinion, which is binding on this Court, held that the requirement for a well-grounded claim

serves only a "gatekeeping" function to rule out claims "completely lacking in merit," and that once VA has determined that a claim is well grounded, "the operation of the well[-]grounded claim requirement is exhausted and need not be further considered." *Id.*

■ It is true that *Nolen* dealt with this Court's review of a Board decision that had determined—correctly or incorrectly—that a claim was well grounded. This appeal presents the matter in another context, i.e., the Board's revisiting its own earlier determination. The same reasoning applies in both contexts in that, as *Nolen* further states, "[b]y finding the claim well grounded, [VA] has waived *any further challenge* on the issue and *has obligated itself to provide assistance to the veteran.*" *Nolen*, 222 F.3d at 1360 (emphasis added). Once the Board determines that a claim is well grounded and the Secretary undertakes to assist a claimant according to 38 U.S.C. § 5107(a), this Court must address on its merits any argument that the Secretary failed to fulfill this duty. *Id.* at 1360.

■ Here, without expressly stating that Mrs. Campbell's claim was not well grounded, the RO denied it because evidence in Mr. Campbell's file failed to show an etiological relationship between the service-connected condition and the conditions causing death. R. at 105, 108, 116–19. The BVA in its 1995 remand decision concluded that the claim was well grounded. Under *Nolen* and its liberalizing holding, Mrs. Campbell is entitled to have her claim adjudicated on the merits after VA discharges its duty to assist. *See Nolen, supra; Karnas v. Derwinski*, 1 Vet.App. 308 (1991).

■ Moreover, the Board's 1995 remand instructions were inadequate, since the assistance to be provided to Mrs. Campbell was limited to efforts to obtain medical records from Mr. Campbell's lifetime, without directing that evidence as to nexus also be sought. *See* R. at 147–50;

*see also* Appellant's Brief (Br.) at 15 (citing VA ADJUDICATION PROCEDURE MANUAL, M21–1 [hereinafter MANUAL M–21] ¶ 5.01 ("surviving dependent of a veteran may require more assistance from VA in the development of evidence relating to service connection of diseases and injuries than the veteran would require in a claim during his or her lifetime")). Once having determined that the claim was well grounded, as the Board did in its 1995 remand decision, VA was obligated to comply with the applicable regulations and MANUAL M–21 provisions concerning service-connected death claims. *See, e.g.,* 38 C.F.R. §§ 3.102, 3.159 (1999); *cf. Schroeder v. West*, 212 F.3d 1265, 1271 (Fed.Cir. 2000) (once veteran has properly made out well-grounded claim, agency's duty to assist attaches to investigation of all possible in-service causes of current disability). Accordingly, Mrs. Campbell's argument concerning the inadequacy of the Secretary's efforts to assist her has merit, and remand is warranted to permit the Secretary to fulfill that duty.

Because of the Court's disposition of Mrs. Campbell's appeal based on *Nolen,* it does not reach her other arguments in support of her section 1310 claim. Upon remand, she is entitled to present such further evidence and argument as she may choose. *See Kutscherousky v. West,* 12 Vet.App. 369, 372–73 (1999) (per curiam order).

In addition, the parties agree that she has pending a claim under 38 U.S.C. § 1318(b), and that remand is warranted to address this alternative statutory basis for DIC. *See Timberlake v. Gober,* 14 Vet.App. 122, 134–36 (2000); *see also Marso v. West,* 13 Vet.App. 260, 266 (1999) (under post-March 1992 version of applicable regulation, where prior final VA determination had denied veteran total disability rating, so that veteran had not been rated totally disabled for 10 continuous years prior to his death, survivor under section 1318(b) must demonstrate CUE in prior VA determination in order to estab-

lish eligibility under section 1318(b)(1)). Her initial claim was filed for "DIC only"; her NOD stated that her husband "was rated at 100% for rheumatic fever for approx[imately] 6 months following his discharge and reduced for reason unknown." R. at 110. She added that the "rating should have been retained as this condition and a related heart condition ... developed as a result of rheumatic fever." *Id.* This language may reasonably be construed as an NOD addressed to the RO's failure to adjudicate a section 1318(b) claim, and the Secretary so concedes. Secretary's Br. at 15; *see Jones v. West,* 12 Vet.App. 98, 106–07 (1998) (where NOD includes unadjudicated claim, Court has jurisdiction to remand matter of Board's failure to adjudicate claim).

Upon consideration of the foregoing, it is

ORDERED that the Board's October 14, 1997, decision is VACATED and the matter of Mrs. Campbell's claim for DIC is REMANDED for readjudication of her claim under section 1310, and for initial development and adjudication of her claim under section 1318(b). Upon remand, she is entitled to expedited consideration as provided by section 302 of the Veterans' Benefits Improvements Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note).