ORDER

RADER, Circuit Judge.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss William S. Rankin’s appeal for lack of jurisdiction or, in the alternative, for summary affirmance of the United States Court of Appeals for Veterans Claims’ order. Rankin opposes.
The Board of Veterans’ Appeals denied service connection for Rankin’s claims, *930 concluding that the claims were well grounded, but that the evidence was insufficient to establish service connection. Rankin appealed the Board’s decision to the Court of Appeals for Veterans Claims. The Court of Appeals for Veterans Claims determined that Rankin’s claims were not well grounded and affirmed the Board’s denial of Rankin’s claims. The mandate issued September 2, 1997, ending the time for reconsideration, review and appeal. Over three years later in April 2001, Rankin moved the Court of Appeals for Veterans Claims to recall its 1997 mandate and to vacate and set aside its judgment based on a change of law reflected in Nolen v. Gober, 222 F.3d 1356, 1360 (Fed.Cir.2000), holding that the Court of Appeals for Veterans Claims cannot reconsider a Board’s well-groundedness determination. The Court of Appeals for Veterans Claims stated:
The Court has discretionary power to recall mandate and judgment, but such power “may be exercised only for good cause or to prevent injustice.” McNaron v. Brown, 10 Vet.App. 61, 63 (1997) (McNaron I).... “The power of this Court to recall its mandate ‘can be exercised only in extraordinary circumstances .... The use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies.’ ” McNaron v. West, 12 Vet.App.334, 336 (1999)....
The Court notes that the mandate in this matter was issued on September 2, 1997, and that the Nolen opinion is dated August 1, 2000. Accordingly because the mandate was issued nearly three years before the change in law brought about by Nolen, and because this motion (which was filed more than eight months after the issuance of Nolen) does not present the type of exception or extraordinary circumstances that warrant recall of mandate, The Court concludes that recall of mandate and judgment in the case is not warranted. See McNaron I, 10 Vet.App. at 63-64 ( ... Court may recall mandate based upon subsequent change in law “only in ‘significant instances’ ” where the Court finds special reason for disturbing repose and finality in interest of justice).
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals of Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Rankin’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. The decision from which Rankin appeals does not address or otherwise depend on any issue of validity or interpretation of any statute or regulation, nor did Rankin raise any argument concerning the validity or interpretation of any such provision. The Court of Appeals for Veterans Claims’ decision was limited to applying the standards of law governing the recall of mandates applied to the facts of Rankin’s case. This court “may not review: (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
Because Rankin’s appeal only challenges the application of law to the facts, it does not fall within this court’s jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
*931 (3) The Secretary’s alternative motion for summary affirmance is moot.
(4) Each side shall bear its own costs.