# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-2259

Barney O. Padgett,                                        Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs,                            Appellee.


Before KRAMER, *Chief Judge*, and FARLEY, IVERS, STEINBERG,
GREENE, KASOLD, and HAGEL, *Judges*.

## O R D E R

On July 9, 2004, in a panel opinion, the Court vacated the August 8, 2002, Board of Veterans' Appeals (BVA or Board) decision and remanded the matter for readjudication. *See Padgett v. Principi*, __ Vet.App. __, No. 02-2259 (July 9, 2004). During the internal circulation of that opinion before its release, *see* the Court's Internal Operating Procedures at IV.(a)(2), a judge requested full-Court consideration.

On consideration of the foregoing, and it appearing that there is no majority in favor of the request for full-Court consideration, it is

ORDERED that full-Court consideration is DENIED.

DATED:        August 17, 2004                          PER CURIAM.


STEINBERG*, Judge,* dissenting: I voted for a full-Court decision in this case because I believe that the panel opinion contains what appears to be a major new holding that is, in my view, fatally flawed. In addition, the opinion purports to be basing its remand action on language in 38 U.S.C. § 7109, which does ***not*** apply to the medical opinion in this case – one that was provided by an employee of the Veterans Health Administration (VHA) of the Department of Veterans Affairs (VA) and not by an independent medical expert – that is, a medical expert who is not employed by VA. I will deal with these issues in reverse order.

### A.  VHA Medical Opinion

The Court holds that a remand is required because the Board of Veterans' Appeals (Board or BVA) considered what the majority characterized as an "independent medical opinion" (IMO) under section 7109 without first remanding the case to the agency of original jurisdiction (AOJ). *Padgett v. Principi*, __ Vet.App. __, __, No. 02-2259, 2004 WL 1576528, at *7 (July 9, 2004).

Based on a selective reading of the opinion of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Disabled American Veterans v. Secretary of Veterans Affairs* (*DAV v. Sec'y*), 327 F.3d 1334, 1347-48 (Fed. Cir. 2003), the Court premises its holding on the following analysis as to 38 U.S.C. § 7109:

> While section 7109 allows the Board to obtain **independent medical opinions**, nowhere does it state that the Board may consider those opinions without remanding to the AOJ or obtaining a waiver from the claimant.

*Padgett*, __ Vet.App. at __, 2004 WL 1576528, at *7 (emphasis added). In *DAV v. Secretary*, the Federal Circuit held:

> When the Board obtains evidence that was not considered by the AOJ and does not obtain the appellant's waiver, however, an appellant has no means to obtain "one review on appeal to the Secretary," because the Board is the only appellate tribunal under the Secretary [as provided for in 38 U.S.C. § 7104(a)].

*DAV v. Sec'y*, 327 F.3d at 1347. The Federal Circuit then concluded:

> We hold that 38 C.F.R. § 19(a)(2) is invalid because, in conjunction with the amended regulation codified at 38 C.F.R. § 20.1304, it allows the Board to consider additional evidence without having to remand the case to the AOJ for initial consideration and without having to obtain the appellant's waiver. That is contrary to the requirement of 38 U.S.C. § 7104(a) that "all questions in a matter which . . . is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary."

*Id.* at 1353-54.

However, in *DAV v. Secretary*, the Federal Circuit specifically discussed, as an authority separate from 38 U.S.C. § 7109, the authority in 38 C.F.R. § 20.901(a) (2002) ("*Opinion from the [VHA]*"), which the court characterized as "authorizing [the] Board to obtain opinions from the [VHA]". *DAV v. Sec'y*, 327 F.3d at 1347-48. In contrast, the Federal Circuit described section 7109 as "authorizing the Board to obtain independent medical opinions from outside . . . VA" – an authority that is implemented in VA's regulations at § 20.901(d). *DAV v. Sec'y*, 327 F.3d at 1347-48. That court described the Board's authority to obtain VHA opinions as authorized by "38 U.S.C. § 5107(a) (2000)", the duty-to-assist provision that was replaced in late 2000 by the enactment of 38 U.S.C. § 5103A in the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, § 3(a), 114 Stat. 2096, 2097. *DAV v. Sec'y*, 327 F.3d at 1347. Indeed, immediately below § 20.901(a) in the Code of Federal Regulations is "(Authority: 38 U.S.C. § 5107(a))".

2

The foregoing illustrates that the purported holding of the majority opinion in the instant case as to IMOs is pure dictum because the case does not involve an IMO.[1]  It is perplexing that the majority quoted the Federal Circuit's opinion regarding both VHA opinions and IMOs but did so only after having deleted the material, shown in boldface inside brackets in the following quote from *DAV v. Secretary*, that deals with the statutory authority for the Board to secure a VHA opinion:

> [W]hen Congress intended to authorize the Board to obtain additional evidence without "one review on appeal to the Secretary," it knew how to do so.  Congress has provided *express statutory authority* to permit the Board to obtain additional evidence, such as expert medical opinions in specific cases.  *See, e.g.,* [**38 U.S.C. § 5107(a) (2000) (authorizing Board to obtain medical opinions from the VA's Under Secretary for Health (formerly the Chief Medical Director));**] 38 U.S.C. § 7109 (2000) (authorizing Board to obtain independent medical opinions from outside the VA); 38 C.F.R. § 20.901(a) (2002) (authorizing Board to obtain opinions from the Veterans Health Administration); 38 C.F.R. § 20.901(b) (authorizing Board to obtain medical opinions from the Armed Forces Institute of Pathology).

*Padgett*, __ Vet.App. at __, 2004 WL 1576528, at *6 (quoting *DAV v. Sec'y*, 327 F.3d at 1347-48, and adding first italics emphasis to Federal Circuit's language).

Moreover, as can be seen from even a cursory reading of the above quote, there is no indication that the Federal Circuit believed that there was an important distinction between the evidence that the Board was authorized to ***obtain*** as contrasted with the evidence that it was authorized to ***consider.***  Judge Kasold addresses this matter persuasively in portions of his dissent. *Padgett*, __ Vet.App. at __, __, 2004 WL 1576528, at *9-10 (Kasold, J., dissenting).

Accordingly, I am at a loss to understand the basis for the majority's attempt to expand its mandatory-remand holding to all evidence obtained by the Board pursuant to § 20.901, regardless of the source of the evidence (that is, from outside VA, as well as from an employee within VA).

### *B. Requiring Remand and Not Considering Reversal*

The majority then goes on to hold that the Board's improper consideration of the medical opinion here, which the opinion never identifies expressly as a VHA opinion, required the remedy of remand because

---

[1] *Cf. Winsett v. West*, 11 Vet.App. 420, 427 (1998) (Farley, J., concurring) (suggesting that reference to 38 U.S.C. § 7109 in intra-agency letter requesting Veterans Health Administration medical opinion was "a de minimus drafting misstep" because "solicitation of an independent medical opinion from outside [Department of Veterans Affairs] was never contemplated by anyone involved").

> [f]or the Court to consider reversal based upon its view of the facts at
> this point would be tantamount to de novo factfinding, which this
> Court is prohibited from doing by statute. *See* 38 U.S.C. § 7261(c)
> ("In no event shall findings of fact made by the Secretary or the Board
> of Veterans' Appeals be subject to trial de novo by the Court.").

*Padgett*, __ Vet.App. at __, 2004 WL 1576528, at *8. This is patently wrong, and a holding that could bring about a totally unwarranted constriction of this Court's authority to set aside or reverse "clearly erroneous" BVA factfinding. Prior to stating the above conclusion, the majority announces: "Unless the Board awards the appellant the full benefits sought by the appellant on appeal to the Board, or obtains a waiver from the appellant, the Board must remand the appellant's claim to the AOJ for an initial decision based on the additional evidence not yet considered by the AOJ." *Padgett*, __ Vet.App. at __, 2004 WL 1576528, at *7. Hence, the majority concedes, quite properly, that the Board could "award[] . . . the full benefits sought . . . on appeal to the Board" without remanding the claim to the AOJ or obtaining a waiver of such a remand.

The concept that the Board should not remand for consideration of additional evidence by an AOJ where "the Board determines that the benefit, or benefits, to which the evidence relates may be allowed on appeal without such referral" has been set forth in VA regulations since at least 1990[2] and was placed in § 20.1304(c) in 1992.[3] Although this language was removed from § 20.1304 by January 2002 amendments (67 Fed. Reg. 3099, 3105-06), the Secretary proposed in December 2003, after the invalidation in *DAV v. Secretary* of the removal of the waiver language, essentially to reinstate the mandatory-remand-to-the-AOJ language in § 19.9(a) and the language that had previously been in paragraph (c) of § 20.1304, including language allowing the Board to "determine[] that the benefit or benefits . . . may be fully allowed . . . without . . . referral [to the AOJ]." 68 Fed. Reg. 69,062, 69,066 (proposed Dec. 11, 2003); *see Pelegrini v. Principi*, 18 Vet.App. 112, __, No. 01-944, 2004 WL 1403714 (June 24, 2004) (discussing pending regulatory amendments).

The effect of the Court's recognition of the Board's authority to award full benefits is to *require the Board* to consider the merits of the case, and, indeed, the BVA did just that here and concluded that the preponderance of the evidence was against the appellant's claim for service connection for his right-hip injury as secondary to his service-connected left-knee disability. (Record at 18). In essence, what the Court is holding here is that, although the Board has authority to award full benefits despite the procedural defect of considering evidence not considered by the AOJ, and indeed the Board was required to so consider and did so, *this Court* has no jurisdiction to reverse as clearly erroneous the Board's denial of the secondary-service-connection claim and direct the award of full benefits. This result blatantly ignores the statutory mandates to this Court from

---

[2] 38 C.F.R. § 19.174(d) (1990); *see* 55 Fed. Reg. 20144 (May 15, 1990) (publishing final version of § 19.174).

[3] 38 C.F.R. § 20.1304(c) (1992); *see* 57 Fed. Reg. 4088, 4109 (Feb. 3, 1992) (adding part 20 to 38 C.F.R., redesignating 38 C.F.R. § 19.174 as § 20.1304, and amending that provision).

Congress to "take due account of the Secretary's application of [the equipoise standard]" and to "set aside or reverse" the Board's application where the preponderance "finding is clearly erroneous". 38 U.S.C. §§ 7261(b)(1), 7261(a)(4); *see Mariano v. Principi*, 17 Vet.App. 305, 313 (2003); *see also Roberson v. Principi,* 17 Vet.App. 135, 139 (2003) (per curiam order).

As Judge Kasold has most poignantly pointed out in his dissenting opinion in this case:

> Surely no one can believe it appropriate that a combat veteran, having already waited over eleven years to have his case finally decided, is mandated to wait even longer while his claim is remanded to the Board so that it can be remanded to the RO, all so that, after nearly a dozen years, he can begin the process anew. Such a result should occur only if the law requires it, and, in this case, I respectfully submit that it does not.

*Padgett*, __ Vet.App. at __, 2004 WL 1576528, at *12 (Kasold, J., dissenting). The right to "one review on appeal to the Secretary" provided in section 7104(a) is a process right guaranteed to VA claimants, not the Secretary who clearly has no right of appeal to this Court.[4] To permit the appellant's process right to operate as a shield from the Court's review of the Board's arguably clearly erroneous denial of a claim is to stand the statute and common sense on their heads.[5] If Judge Kasold is correct that the Secretary's application of the equipoise standard to the secondary-service-connection claim was "clearly erroneous" on the record in this case – and I suspect that he is – then he also is correct that that decision "should be reversed" or at least set aside. *Padgett*, __ Vet.App. at __, 2004 WL 1576528, at *13-15 (Kasold, J., dissenting). Indeed, under the mandates of section 7261(a)(4) and (b)(1), I believe that the Board decision ***must*** be set aside or reversed if it is clearly erroneous and that the Court's failure to address the appellant's contentions in this respect is an egregious mistake that the full Court should not have permitted to stand.

---

[4] *See* 38 U.S.C. § 7252(a) ("Secretary may not seek review of [Board of Veterans' Appeals (BVA)] decision"); *Williams (Shirley) v. Principi*, 15 Vet.App. 189, 198 (2001) (en banc) (concluding that Court cannot address extent to which BVA's assignment of effective date may have violated provisions of 38 U.S.C. § 5110(g) (citing section 7252(a))); *see also Nolan v. Gober*, 222 F.3d 1356, 1360 (Fed. Cir. 2000) (holding that "Secretary may not seek review" in this Court of BVA decision that claim is well grounded).

[5] *Cf. Smith (George) v. Brown*, 8 Vet.App. 546, 552 (1996) (en banc) (concluding that congressionally-mandated requirement establishing this Court's judicial review as limited to cases in which Notice of Disagreement has been filed under 38 U.S.C. § 7105, on or after November 18, 1988, was for purpose of protecting Court from flood of cases and concluding that to allow that "date to be used by the BVA Chairman as a shield against judicial review would be to give that date meaning beyond that intended in enacting judicial review").